UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KENNETH JONES,

                              Petitioner,

        -vs-                                **No. 6:14-CV-6502(MAT)**
                                            **DECISION AND ORDER**

ADA PEREZ,

                              Respondent.

---

## I.   Introduction

Proceeding pro se, Kenneth Jones ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is in state custody in violation of his federal constitutional rights. Petitioner is incarcerated pursuant to a judgment of conviction entered against him in Erie County Court (Pietruszka, J.) of New York State on October 17, 2011, following his guilty plea to one count of assault in the first degree (N.Y. Penal Law ("P.L.") § 120.10(1)).

## II.  Factual Background and Procedural History

After Petitioner was arrested and charged in the non-fatal stabbing of Melquiaedes Torres, he was indicted on one count of assault in the first degree (N.Y. Penal Law § 120.10(1)). Petitioner elected to enter a plea of guilty to the sole count charged in the indictment, and was denied youthful offender status by the plea court. Petitioner was sentenced to a

determinate term of 15 years plus 5 years of post-release supervision.

On direct appeal, the Appellate Division, Fourth Department, of New York State Supreme Court unanimously affirmed the conviction. People v. Jones, 107 A.D.3d 1611 (4ᵗʰ Dep't 2013). However, that valid waiver did "not encompass [Petitioner]'s contention regarding the denial of his request for youthful offender status because '[n]o mention of youthful offender status was made before [he] waived his right to appeal during the plea colloquy[.]'" Id. (quotation omitted). The Appellate Division summarily rejected Petitioner's contention that the trial court abused its discretion in denying his request for youthful offender status. Id. (citations omitted). Finally, the Appellate Division declined to consider Petitioner's sentencing claim because his valid appellate rights waiver encompassed his challenge to the severity of his sentence. The New York State Court of Appeals denied leave to appeal and denied reconsideration. People v. Jones, 21 N.Y.3d 1043, reconsideration denied, 22 N.Y.3d 956 (2013).

This timely habeas petition followed. Respondent answered the petition, but Petitioner failed to timely file a reply. For the reasons discussed below, the petition is dismissed.

**III.    Discussion**

**A. Validity of Appellate Rights Waiver**

Petitioner asserts that his waiver of appellate rights was invalid and insufficient to preclude the denial of his request for youthful offender status and to preclude review of his sentence as harsh and excessive. On appeal, the Appellate Division held that Petitioner's appellate rights waiver was knowing, voluntary and intelligent. People v. Jones, 107 A.D.3d at 1611 (citations omitted).

Petitioner has not cited, and the Court is not aware of, any federal precedent standing for the proposition that specific language must be used by the trial judge in apprising a defendant pleading guilty of the individual rights relinquished. See Roland v. Rivera, No. 06-CV-6543(VEB)(DGL), 2011 WL 1343142, at *4 (W.D.N.Y. Jan. 6, 2011) (rejecting as not cognizable petitioner's claim that the trial court failed to conduct a proper inquiry into his understanding of the appellate rights waiver) (citing Salaam v. Giambruno, 559 F.Supp.2d 292 (W.D.N.Y. 2008); Nicholas v. Smith, No. 02 CV 6411(ARR), 2007 WL 1213417, at *10-11 (E.D.N.Y. Apr. 24, 2007)). The Court need not consider whether Petitioner has a viable federal constitutional claim regarding the alleged deficiency in his appellate rights waiver, because, as discussed below, the underlying claims are not cognizable on habeas review.

**B.   Harsh and Severe Sentence**

On appeal, Petitioner asserted that his 15-year determinate sentence was unduly harsh and severe, and that the sentencing judge abused his discretion in not imposing a shorter sentence. Petitioner urged the Appellate Division to exercise its discretionary authority under New York State law to review factual questions and reduce the length of his sentence in the interests of justice. Thus, Petitioner's claims with respect to his sentence, based solely on state law, are not appropriate for federal habeas review. E.g., Holliday v. New York, No. 10-CV-0193(MAT), 2011 WL 2669615, at *2 (W.D.N.Y. July 7, 2011).

The Second Circuit has stated that no federal constitutional issue amenable to habeas review is presented where the sentence is within the range prescribed by state law. White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992) (citation omitted). Here, Petitioner was a first-time felony offender convicted of assault in the first degree (N.Y. Penal Law § 120.10(1)), a class B violent felony offense. See N.Y. PENAL LAW § 70.02(1)(a). At the time of sentencing in October 2011, the required sentence for a class B violent felony offense was a determinate term of imprisonment fixed in whole or half years, in accordance with the provisions of P.L. § 70.02(3). N.Y. PENAL LAW § 70.02(2)(a) (eff. until Sept. 1, 2015, pursuant to L.1995, c. 3, § 74, par. d.).

Section 70.02(3) provided that the term of a determinate sentence for a class B felony must be at least 5 years and must not exceed 25 years. N.Y. PENAL LAW § 70.02(3)(a). Petitioner was sentenced to a determinate term of 15 years, well within the statutorily prescribed range. Accordingly, Petitioner's claim that the court abused its discretion and imposed an excessive sentence fails to present a federal constitutional issue cognizable on habeas review. E.g., Peppard v. Fischer, 739 F.Supp.2d 303, 309 (W.D.N.Y. 2010) (collecting cases).

**C.  Denial of Youthful Offender Status**

Petitioner contends that the trial court abused its discretion in declining to accord him youthful offender status. As Respondent argues, this claim is not cognizable on Federal habeas review.

Under New York law, "[t]he decision whether to grant youthful offender status to an eligible youth generally 'lies within the sound discretion of the sentencing court.'" People v. Victor J., 283 A.D.2d 205, 206 (1st Dep't 2001) (citation omitted). The Second Circuit has explained that "[t]he granting or denial of youthful offender treatment is analogous to that of sentencing where courts have wide discretion even though there are few or no statutory guidelines for the exercise of such discretion." United States ex rel. Frasier v. Casscles, 531 F.2d 645, 647 (2d Cir. 1976) (citations omitted). "[I]t is well

5

established that the United States Constitution grants no independent due process right either to youthful offender treatment or to any particular procedure for denying it, so long as the trial judge imposed a sentence that was lawful under state law. . . ." Auyeung v. David, 00 Civ. 1353, 2000 WL 1877036, at *3 (S.D.N.Y. Dec. 26, 2000) (citing Frasier, 531 F.2d at 647-48)). As discussed above, Petitioner's sentence is well-within the statutorily permitted range. Therefore, his claim regarding the state court's refusal to afford him youthful offender status does not present a constitutional issue. E.g., Murphy v. Artus, 07 Civ. 9468, 2009 WL 855892, at *7 (S.D.N.Y. Apr. 1, 2009) (citation omitted).

### D.   Involuntary Guilty Plea

Respondent states that, construed liberally, Petitioner's pleadings can be read to assert that his guilty plea was involuntary. In particular, Respondent cites the point heading regarding Ground I of Petitioner's memorandum of law. The Court has reviewed the memorandum of law and agrees that Petitioner is asserting that his plea was involuntary, due to the "purported appeal waiver being ineffective to preclude Petitioner['s] challenge" to the trial court's denial of youthful offender status and to the length of his sentence. Petitioner's involuntariness argument is similar to arguments raised elsewhere in his petition regarding the validity of his appellate rights

6

waiver. To the extent that Petitioner's involuntariness claim is interpreted as a due process claim, separate and apart from his claims concerning his appellate rights waiver, Respondent argues that it is unexhausted because it was not presented to the state courts in constitutional terms. "In New York, claims about the voluntariness of a guilty plea must be presented to the state court in one of three ways: a motion to withdraw the plea before sentencing, a post-judgment New York Criminal Procedure Law ("C.P.L.") § 440.10 motion in the trial court, or on direct appeal if the record permits." McCormick v. Hunt, 461 F. Supp.2d 104, 109 (W.D.N.Y. 2006) (citation omitted). Here, Petitioner utilized none of these methods, and has raised the voluntariness claim for the first time in his habeas petition.

Respondent contends that the claim should be deemed exhausted and procedurally defaulted because state procedural bar rules operate to deny Petitioner of any available remedies in the state courts. In the interest of judicial economy, the Court declines to resolve the exhaustion and potential procedural default issues and proceeds instead to the merits of the voluntariness claim.

In evaluating whether a plea was voluntarily made, courts consider (1) whether the defendant had the competent advice of counsel; (2) whether he understood the consequences of pleading guilty; and (3) whether the plea resulted from coercion, be it

physical or psychological. <u>See</u> <u>Parke v. Raley</u>, 506 U.S. 20, 29 (1992) (citations omitted). Petitioner asserts that his plea was involuntary solely because he did not understand that, by waiving his appellate rights, he was relinquishing his right to challenge the denial of youthful offender status and to challenge his sentence.

With regard to the effectiveness of the appellate waiver to preclude review of the denial of youthful offender status, the Appellate Division in fact agreed with Petitioner, and reviewed the trial court's decision regarding youthful offender status on direct appeal. Therefore, Petitioner's claim on that point is moot.

The Appellate Division did not agree with Petitioner regarding the effectiveness of the waiver to preclude a challenge to his sentence, however, and accordingly did not review his sentencing challenge. Petitioner's assertion that he did not understand he was giving up his right to raise a later challenge to his sentence is belied by the following colloquy he had with the trial court:

> THE COURT: I want to be certain that you understand what is involved in waiving your right to appeal. You are giving up the right to have any higher court look at this case to see if there is any legal error which brought about your conviction such as any pretrial motion decided against you, *anything you might claim is improper or unfair or anything you want to raise about the fairness of your sentence. All of those rights would be gone;*

*you cannot raise those issues again at a later time*. Do you understand that, sir?

DEFENDANT: Yes.

Plea Transcript, p. 8 (emphasis supplied). Thus, the record contradicts Petitioner's contention that the plea was involuntary because he did not understand or agree that, as a part of the plea agreement, he was giving up his right to contest the length of his sentence.

### E.     Constitutionally Disproportionate Sentence

In the second point of his memorandum of law, Petitioner asserts that his sentence violates the Eighth and Fourteenth Amendments because it is disproportionate to the seriousness of his crime and does not take into account various mitigating factors. Respondent has not addressed this claim, which is based on the Eighth Amendment and is unexhausted, having never been fairly presented to the state courts in federal constitutional terms. Although Petitioner challenged his sentence on direct appeal, he requested only that the Appellate Division exercise its statutory authority to reduce the sentence on the basis that it was harsh and excessive. Because Petitioner could return to state court and file a motion pursuant to C.P.L. § 440.20 to set aside the sentence on the ground that it is illegal and unconstitutional, his Eighth Amendment claim remains unexhausted. Bester v. Conway, 778 F.Supp.2d 339, 348-49 (W.D.N.Y. 2011) (citations omitted).

9

The Court has the discretion to dismiss the petition on the merits notwithstanding Petitioner's failure to exhaust all of his claims. See 28 U.S.C. § 2254(b)(2). Because it has found all of Petitioner's claims to be without merit, the failure to exhaust the Eighth Amendment claim does not preclude this Court's disposition of the instant habeas petition.

The Supreme Court has articulated a narrow principle of "gross disproportionality" for measuring whether a prisoner's sentence violates the Eighth Amendment proscription against "cruel and unusual punishment." E.g., Harmelin v. Michigan, 501 U.S. 957, 998 (1991) (Kennedy, J., concurring). As that court has noted, "'outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.'" Ewing v. California, 538 U.S. 11, 21 (2003) (quotation omitted). By way of illustration, in Rummel v. Estelle, 445 U.S. 263 (1980), the Supreme Court held that a life sentence imposed after only a third *nonviolent* felony conviction did not constitute cruel and unusual punishment under the Eighth Amendment.

Here, as explained above, Petitioner's 15-year determinate sentence fell roughly in the middle of the applicable sentencing range for his conviction of the class B violent felony offense of first degree assault with a dangerous instrument, with intent to cause serious physical injury (P.L. § 120.10(1)). He received

10

10 years less than the 25-year maximum he could have received. The victim in this case survived the attack, but was in a month-long coma as the result of the life-threatening injuries he suffered. Petitioner has cited a number of factors in his favor, such as his acceptance of responsibility and statements from family members that this act was wholly out of character. However, looking at the Supreme Court's precedents on the Eighth Amendment and disproportionality, e.g., Rummel, supra, this clearly does not present one of those rare and extreme cases in which the Supreme Court contemplated intervention by a reviewing court into a state's sentencing decisions. Accordingly, Petitioner's claim that his sentence violated the Eighth Amendment cannot provide habeas relief.

## IV.  Conclusion

For the reasons discussed above, the petition (Dkt.# 1) is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**S/Michael A. Telesca**

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:    January 21, 2015
          Rochester, New York.

11